IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02423-CMA-BNB

PENNY COMPOSTO,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1)     **Motion for Relief From Scheduling Order (and Request to Take Rule 30(b)(6) Deposition)** [Doc. # 50, filed 7/20/2009] (the "Motion for Extension"); and

(2)     **Defendant's Motion for Protective Order** [Doc. # 53, filed 7/27/2009] (the "Motion for Protective Order").

I held a hearing on the motions today and made rulings on the record, which are incorporated here.

The plaintiff seeks by way of the Motion for Extension an enlargement of the discovery period to allow her to depose one of the defendant's experts, Dr. Wunder, and to depose the defendant pursuant to Rule 30(b)(6). I also am informed that the defendant has supplied additional records to Dr. Wunder, which may cause him to modify, expand, or otherwise alter the opinions expressed in his report of May 29, 2009. I also am informed that the defendant may seek the assistance of the court to obtain additional records which were the subject of subpoenas

served on third parties.

The parties have experienced discovery difficulties and disputes. In addition, the defendant has indicated that it must review substantial medical and other records before it can reach a final position on coverage and scope of injuries. I find that as a result of the discovery disputes and the defendant's insistence on complete disclosure of voluminous medical and other records, good cause exists to extend the case schedule. In addition, the delay in obtaining medical records similarly constitutes good cause to establish a deadline by which any supplemental or updated expert opinions must be disclosed. Consequently, expert opinions must be supplemented or updated, if at all, on or before **August 28, 2009**. The discovery cut-off is extended to and including **September 30, 2009**, solely to allow a Rule 30(b)(6) deposition of the defendant and to allow the deposition of any expert who supplements or updates his or her opinion in accordance with this order.

The defendant's Motion for Protective Order seeks an order quashing the plaintiff's Notice of a Rule 30(b)(6) deposition of the defendant because the Notice was served after the close of discovery and because the Notice identifies areas of inquiry which are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence about matters at issue.

I have already found that good cause exists to extend the case schedule to allow the Rule 30(b)(6) deposition to occur.

With the exceptions noted below, I find that the Rule 30(b)(6) deposition seeks relevant information. The plaintiff's sole claim alleges breach of an insurance contract. Insurance contracts carry with them a statutorily imposed duty of good faith and fair dealing. Specifically,

section 10-3-1113(1), C.R.S., provides:

> In any civil action for damages founded upon contract, or tort, or both against an insurance company, the trier of fact may be instructed that the insurer owes its insured the duty of good faith and fair dealing, which duty is breached if the insurer delays or denies payment without a reasonable basis for its delay or denial.

I do not agree with State Farm that an insured's failure to plead a cause of action for the tort of bad faith breach of an insurance contract renders irrelevant any discovery on the issue of an insurance company's compliance with its duty of good faith and fair dealing in connection with the insurance contract. To the contrary, the plaintiff alleges breach of the insurance contract, including breach of the statutory duty of good faith and fair dealing, and discovery concerning State Farm's claims handling as specified in ¶¶1-4 and 6-9 are relevant to or reasonably calculated to lead to the discovery of admissible evidence concerning that claim.

I will limit the plaintiff's inquiry under ¶3 of the Notice to "State Farm's claim handling and practice standards in effect during the UIM claim of Penny Composto" applicable to Composto's claim. In addition, I find inquiry into matters specified in ¶5 of the Notice, i.e. State Farm's "first party claim handling seminar materials," is overbroad and seeks irrelevant information, and I will not allow the plaintiff to inquire into those matters.

The Rule 30(b)(6) deposition notice improperly seeks the production of documents by a party. The Motion for Protective Order is granted insofar as it seeks an order that no documents need to be produced in response to the Notice.

IT IS ORDERED that the Motion for Extension is GRANTED IN PART, and the case schedule is modified to the following extent:

3

Deadline to supplement or update expert opinions:  **August 28, 2009**

Discovery cut-off:  **September 30, 2009**   (solely to allow a Rule 30(b)(6) deposition of the defendant and to allow the deposition of any expert who supplements or updates his or her opinion in accordance with this order)

IT IS FURTHER ORDERED that the Motion for Extension is DENIED in all other respects.

IT IS FURTHER ORDERED that the Motion for Protective Order is GRANTED IN PART and DENIED IN PART as follows:

GRANTED insofar as the Rule 30(b)(6) Notice purports to command the production of documents, and the additional production of documents shall not be had;

GRANTED to limit the inquiry under ¶3 of the Notice to "State Farm's claim handling and practice standards in effect during the UIM claim of Penny Composto" applicable to Composto's claim;

GRANTED to preclude inquiry as identified in ¶5 of the Notice into State Farm's "first party claim handling seminar materials," which inquiry shall not be had; and

DENIED in all other respects.

Dated August 11, 2009.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge